2165. Mr. Blais? Yes. Thank you, Your Honors. My name is Leon Blais, and I'm counsel for Mr. Litchfield, who is also present in the courtroom here today. This case is here because of the dysfunction of the Merit Systems Protection Board. There is no, as I'm sure you are all aware, there is no internal appeal. The board is dysfunctional, does not have a quorum. So the only way to get a pellet jurisdiction is to allow an order to become final and then take an appeal. And that's what we're doing here. This takes up a lot of your time, and I think it's completely unnecessary, but it is what it is, as they say. This case is about process. It has nothing to do with the merits of the case. There has been no case decided on its merits. There's been no discovery in this case. There has been no hearing in this case. There has been nothing to adjudicate this case. But there are issues. There are two issues, and they were both decided by the administrative judge, which became the opinion of the decision of the board, and they're not appeal here. But the issues were not decided because... They were decided by the administrative judge. The issue of due process was never decided, never addressed. Due process as to what? As to... ...saying he'd been retaliated against for making certain disclosures. The administrative judge looked at that and found that there was no need for a hearing because he failed to make non-frivolous allegations of retaliation. That's the due process he was entitled to for the claim he filed. What you said is not correct. The fact is that what he filed was an appeal based upon his threatened firing and then his actual firing. Where did he file an appeal based on his removal? Show me the document that says, I appeal my removal to the MSPB. It's in the appendix. Show it to me. The appeal was filed based upon USC 1501, I believe it is, which is a broad statute having to do with any personnel action. I'm holding the appendix. Cite me the page. The initial filing was at appendix 29, filed on June 17, 2015. That document says absolutely nothing about Whistleblower. Where does it say he's appealing his removal? Was he even removed at the time this was filed? No.  No. Judge, the statute, 1501, provides specific jurisdiction for threatened removal. He had already been given a notice that it was an appeal. I don't know what 1501 is. Are you talking about 1214?  I stand corrected. The title of this was Appeal of Keith Litchfield Pursuant to 5 USC 1221. Well, that's an IRA appeal. It's an individual right of action appeal, which suggests that you filed a complaint with the special counsel saying my client is being retaliated against for making certain disclosures, and you appeal that when they don't reach a decision in your favor. That's not the basis of the appeal, Judge. The 5 USC 1221A specifically says, subject to the provisions of subsection B of the section, an employee, former employee or applicant for employment, with respect to any personnel action, any personnel action taken or proposed to be taken. Right. And he was given notice of intent to fire him. But this has to be based on a protected disclosure and relating to public health or safety, and the A.J. found that there wasn't such a disclosure because the skin rash was caused by exposure to cleaning material, which didn't meet the test of a specific danger to public health or safety. Judge, none of that's true. It just isn't true. You mean it's not true that the A.J. so held? Oh, no. She did so hold. No question about it. You're saying it's not true that 1221 requires you to exhaust your remedies with the special counsel? We didn't make the filing with the special counsel. What did you say in that filing? He didn't accept jurisdiction. He didn't respond, as I recall. But the simple fact was that we cited to the law here, public employees, federal employees, if they get fired, are entitled to a hearing. They're entitled to a right to appeal under Chapter 75. You did not file an appeal under Chapter 75. You filed an individual right of action appeal under 1221, which has different requirements, different exhaustion requirements, and I didn't see anything in the records where you even brought your client's removal to the special counsel to pursue it as a whistleblower claim. 1221 is a whistleblower statute. It is not a general appeal statute. It was, in fact, noticed. That was asked in the papers. The notice to the special counsel was given. About the removal? Yes. Where? About the whistleblower. Excuse me, about whistleblower. Yes. Where did you complain to the special counsel that my client was removed improperly for whistleblower retaliation? Well, I think we filed at that point. He hadn't been removed. Right. But he had been penalized. You never exhausted the removal with the special counsel. So the removal is not proper under a 1221 claim. Well, that was what the hearing officer held. The hearing officer, in fact, held that there had been a legitimate exhaustion of the administrative remedies. It's right in the decision. Not as to the firing, though. Excuse me? Not as to the firing or proposed firing. Well, because she never considered the firing, Judge. Because you didn't file an appeal of the firing. And you didn't exhaust your remedies with regard to the special counsel. Well, here's the thing. Let me argue this, Judge. If she claimed there was no jurisdiction, why did she hold when I filed a motion to enjoin the firing? She didn't come back and say, oh, I don't have any jurisdiction here. I can't hold on this. She acted on it. She denied our remedy, but she acted on it, thereby accepting the jurisdiction of the firing. She went in and said, yes, you know, and she went in. It's attached here. And so she considered it. That is accepting the notice that we had given to her that, look, Judge, this has now been a conversion. This was a threatened firing, which has now resulted in a firing. We're asking you to enjoin this. So what you're really doing is asking us to treat the motion to enjoin the firing as an adverse action appeal. Yes, it is. I mean, the firing is obviously adverse. But you didn't file an appeal from it. The only document you can point me to is an IRA appeal form that predates the actual firing. The Merit Systems Protection Board doesn't even handle these cases under the same track. If they had docketed this as an adverse action, you'd have an entirely different case number. They've docketed this as an IRA appeal. Then, Judge, rhetorically, why would she have even considered the injunction? Well, I think you have a right under the IRA appeal statutes, if you've exhausted with the special counsel, to ask them to enjoin it as a whistleblower case. That doesn't mean you filed a direct appeal. You didn't file a direct appeal. Well, Judge, I just quoted to you the statute. I know what the statute says. The statute is an IRA statute. You're suggesting, I mean, are you aware of Chapter 75? Chapter 75 is what gives tenured federal employees the right to appeal major adverse actions to the board. They don't have to go through the special counsel to do that. They can file directly with the board. You didn't do that. There is no document in here, I see, that suggests you filed a Chapter 75 appeal. So we only can look at this under the guise of 1221, which is an IRA appeal. And to make an IRA appeal, you have to make non-frivolous allegations that your client was retaliated against for making a protective disclosure. Then let me address that, Judge. And the board looked at that. So there's no process. Well, I don't see any evidence that the board looked at anything. Well, that's the basis of the George decision, that elects protective disclosure. There was, Judge, a significant submission with regard to the issue of jurisdiction. All right. We submitted, I think, five or six affidavits citing to the facts. They're in the appendix. And the judge didn't even address them. There's not even any reference in this decision. Now, this decision was put together very, very quickly. And it was because this case had sat for almost two years under a standard that requires that board to render a decision in 120 days. Almost two years. We filed notice and, in fact, did file a request for a writ of mandamus. And it was only when we did that that this decision was rapidly written after that fact. But there's no reference here at all, Judge, nothing to our submissions on the issue of jurisdiction. I see a very extensive decision in the very first pages of your appendix where the administrative judge is addressing the alleged protective disclosures you made and why they don't make non-frivolous allegations. Isn't that what the AJ's decision says? I don't see any detail of that at all. There are blanket statements. I'm talking about the affidavit, Judge, that we've submitted. Are you saying that the AJ erred because it did not go through and identify every specific piece of evidence you submitted and say why it did or didn't support your claim? Well, I would expect some reference to the evidence, something, some acknowledgment. Well, on page 5 of the decision, the AJ decides, 5 to 6, recites in detail your client's factual statement and cites to the various record pieces that explain the disclosures about the testing and then goes on and finds those insufficient. You are looking at, Judge, on the appendix? I'm looking at the AJ's opinion. I mean, I assume you've read the AJ's opinion. It goes through these in approximately 12 pages and explains why here are the disclosures you've identified. Here is why I find them to be insufficient to state a claim for jurisdiction. Where is the error in this decision? Well, there's no reference to the evidence. What evidence specifically? The affidavit, Judge, that we submitted. Repeated affidavits. I don't see any reference to that. But do those affidavits say that differ from what was discussed here? Yes. What? In terms of the detail, in terms of the hostile work environment, in terms of all of the submissions that had been made to the special counsel, all of those things were outlined in affidavits that were submitted to the court. Counsel, you wanted to save some rebuttal time? I do. I do, Judge. We will do that for you. Thank you. Ms. Lederer. May it please the court. The administrative judge properly found that Petitioner did not establish MSPB jurisdiction over his whistleblowing appeal. The administrative judge did not consider Petitioner's alleged removal because, as has been discussed, he did not exhaust that allegation with the Office of Special Counsel. But even if he had exhausted that allegation about that alleged personnel action, that issue would never have been reached because Petitioner did not satisfy the threshold requirement by making a non-frivolous allegation of a protected disclosure. Petitioner did not make a non-frivolous allegation that he had disclosed any substantial and specific danger to public health or safety. This court has held that the board should consider three factors. Well, he certainly did point out a specific danger to public health, right? Well, the allegations that he made did not rise to the level of indicating a substantial and specific danger to public health. With regard to the allegation about the individual that was having a rash, his own investigation concluded that was most likely due to cleaning products that were being used in the lab at the time. And although he did recommend additional air testing, if you look at his actual report on that that he submitted, which is at Appendix 282 and actually 283, his conclusions state that it is doubtful that there is an issue with the air quality in the room. And he goes on to say that the likelihood of contact dermatitis is indicative of a chemical exposure and possibly related to the use of purple top wipes for routine desk and training surface cleaning. So you're saying he himself negates the idea of a non-frivolous allegation of danger to public health? Right. What he submitted actually indicates that wouldn't be a substantial and specific danger to public health. And then with regard to his allegation about the possible Legionella in the water supply, that one's even weaker because he didn't supply any actual evidence that he had knowledge that there was such a presence of Legionella. It was all based on hearsay of what he heard other employees saying. And did that go before the OSC? So there is some evidence that he presented that allegation to OSC that AJ found that he did not exhaust that allegation there. But then she also went on to find that even if he had exhausted it, it wouldn't have been a protected disclosure. So even assuming that the AJ was incorrect in finding that not exhausted because of the additional finding that it's not a protected disclosure, that issue would not affect the outcome of the decision. So to determine whether there was a substantial and specific danger to public health or safety, the court considers three factors. The first one is the likelihood of harm resulting from the danger. Second is the imminence of the harm. So he satisfied the first one, right? I would disagree that he satisfied. If there was Legionella, that's a danger to public safety, right? If his allegation that there was Legionella was correct, that would be a substantial danger. However, in order to be a non-frivolous allegation, he has to supply some... The test is whether a disinterested observer with knowledge of the facts known to petitioner would have concluded that his disclosure is evidence of a substantial and specific danger. So the evidence that he supplied in support of that allegation, basically it was just based on his own assertions. He didn't supply any actual evidence of any kind to support that. Northree says that wasn't disclosed to the OSC. She found that that was not exhausted before the OSC. That's correct. Are you defending that decision? Yes, I'm defending the entire decision, but she also made the alternative finding that it was not protected. I thought she said earlier that he had said something about Legionella to the OSC. Well, if you look at his filing with OSC, it's sort of garbled, but there is some mention of possible Legionella. But it's mixed in with the allegations about the air supply as well, so it's unclear whether he was actually alleging that in the water supply. But either way, that wouldn't have been a protected disclosure. You're saying if he was removed, this is a whistleblower case rather than an adverse action appeal. And the criteria for a whistleblower case, number one, are presenting it to the OSC and making a non-trivialist allegation of a danger to public safety. And the AJA held that none of those criteria were met. That's the case, right? Correct, yes. And specifically with regard to his removal, he did not bring that to OSC at all. So that alleged personnel action was not exhausted before OSC. How does that work in practice? Suppose somebody has exhausted various personnel actions, including a threat of removal with OSC, and OSC closes the case, and you file it to MSPB. And during the litigation at the MSPB, the threat and removal ripens into an actual removal. Are they required to go back if they want to assert it to a whistleblower claim, even based upon the same disclosures to OSC, and exhaust as to the new personnel action? Or is it just folded into the new case? Yes, they are required to exhaust each alleged personnel action with OSC. What's that based on? Well, this court has held in Ellison and Sorrell that MSPB's jurisdiction in our appeal is limited to the issues raised before OSC. And so the court has interpreted that as that includes each personnel action that he was alleged. And I would note that he was informed by the judge in her order denying his first stay request of the proposed removal, which is at Appendix 20, that he had not exhausted that allegation before OSC. So at that point, he was put on notice that he needed to go exhaust any future personnel actions before OSC and before trying to include them in this case. And I will note that he was represented throughout the process. Otherwise, I couldn't tell from the record. I don't know if you know, is he otherwise an employee that could have filed a direct appeal from his removal to the MSPB? Or is he a VA? There are certain classes that can't. I believe he could have filed a removal. It's unclear whether he actually retired or was removed. It's unclear from the record. So if he had brought a removal, it might have had to be an involuntary retirement. We don't have an actual SF-50 noting a removal. I don't believe that's in the record. My colleague would know. There is a notice of removal in there, and then there's a later dated notice of retirement. So he probably retired in lieu of being removed, but I'm not sure exactly what the facts are on that because it was never appealed to the board. So that record wasn't developed. I'm sorry. Where is his affidavit about the Legionella in the record? What page? You mean his appeal to his complaint with the OSC? No, his filings with the MSPB. He submitted an affidavit, right? He submitted a series of affidavits signed by coworkers about it. He submitted one by himself, didn't he? I'm not sure exactly what page that would be. Maybe my colleague knows. Yeah, I'm not sure exactly where that is, if that is in the record. Maybe it's at 554. Is that 554? Oh, right. Yeah, okay. So... It says in paragraph 19 on page 556, it says, Right, so that's basically the only evidence he supplied about the Legionella was his assertion that he became aware that there was Legionella in the water supply. Why isn't that sufficient? Well, to meet the non-frivolous allegation standard, you have to allege it has to be more than a conclusory allegation, and it has to be supported by affidavits or other evidence. So it is an affidavit that he signed, but given that that's all there was, the judge concluded that that was not sufficient to meet the non-frivolous standard. It was more of a conclusory. He talks about deaths from pneumonia in the facility. Right. Well, again, these are just his assertions that he made, so unsupported by anything else. That's what happens. People submit affidavits making assertions, and you have a hearing to determine whether they're credible. Well, given her consideration of what he submitted, she just concluded that that was not sufficient to meet the standard. Again, a non-frivolous allegation, it's not just any allegation. It has to be supported by something, even though it's a low standard. You're not suggesting that you couldn't make a non-frivolous allegation by submitting your own affidavit, right? You could if it was more substantial than what he's alleging. He's not alleging any firsthand knowledge of the Legionella contamination. He's just making these sort of statements that he was aware that it was there. He doesn't say why or what caused him to think that, really. And so that sort of affidavit is not enough to meet the standard. So if the Court has no further questions, I would just ask that you affirm the MSPB's decision and dismiss the appeal. Thank you, Counsel. Mr. Blase has some rebuttal time, a little over two minutes. Yes, Judge, thank you. I want to draw the Court's attention to Appellant's response to the Board's jurisdictional order. That's found at Appendix 549 and continues on to 552. And then there are a series of affidavits beginning at 554. That's the affidavit of the appellant, which is 43 paragraphs. It continues to 560. Then there is the affidavit of Narciso Martinez, another individual who studied the problem of Legionnaires. Affidavit of Miles Washko, another coworker who was aware of the facts of this situation. Affidavit of Mona Hefner, another coworker in the safety office. All of these were submitted to the Court. Affidavit of Kevin Baker, another individual who worked in the safety office, affirming and repeating the allegations made by Mr. Litchfield. Those relate to Legionnaires? It relates to the failure to investigate. Are you saying that the A.J. didn't consider those at all? I'm sorry, that what? That the A.J. failed to consider those at all? No, there's no reference to them, Judge. What about footnote 9 on page 9 of the decision, which says the appellant also submitted the affidavits of several coworkers and references the affidavits you're talking about? Yes, there's no discussion of them. They're not signed or dated? Well, they're signed under pains and penalties of perjury, as is the federal practice. I find these affidavits to be of little probative value. She describes them, she describes what they say, and then she finds them to be of little probative value. If that's her conclusion, what else does she have to say? Well, that's what we're challenging, Judge, you know, that there is no probative value. I don't know what one has to do in order to meet that standard. But you were telling me before that she didn't consider them at all, and that's completely untrue. And now what we have is a footnote and a broad statement, a conclusory statement that she didn't consider them probative value. These are percipient witness affidavits. They were all there. And by the way, Judge, there was a death connected with Legionella. Somebody died over this. But apparently the Legionella issue wasn't raised before the OSC, and that's a jurisdictional claim, isn't it? Well, I'm not aware that it wasn't raised. You know, we raised it. Well, that's what the A.J. stated. If it were not true, I would think you would have shown evidence that it was raised. Judge, let me just quote from the decision. And I'm looking at appendix page 7, halfway down the page. This is the A.J. who wrote this. Based on the above, I find the appellant demonstrated that he exhausted his administrative remedies with OSC on the above disclosure. But the above disclosure was the skin rash, not Legionella. Well, Judge, he was pulled off the case. Okay? He stopped. He reported what he knew at the time. There's no obligation that he can conclude a full investigation when he's told don't do it anymore. You're a troublemaker. Get out of here. That's what happened. So how was he supposed to be able to conclude the investigation? In fact, there was a disclosure by the VA that the death was due to Legionella. Thank you, counsel. We have your case. We'll take the case. Thank you, Judge. All rise.